THOMAS COYNE, APPELLANT, v. ERIE RAILROAD COMPANY, RESPONDENT.

Submitted October 26, 1929—Decided May 19, 1930.

For the appellant, *Alexander Simpson*.

For the respondent, *Collins & Corbin, Charles W. Broadhurst* and *Edward A. Markley*.

The opinion of the court was delivered by

BLACK, J. This suit was brought to recover damages for personal injuries. The complaint alleges the plaintiff was a freight handler at the time of the injury on the 20th day of August, 1927. He was employed by the defendant company in interstate commerce, at its Croxton Yards in Jersey City, New Jersey. The defendant in the complaint is charged with a failure to use reasonable care to supply the plaintiff with proper instrumentalities for his work, a defective truck and defective equipment, defective aprons, doorways and the like.

The trial resulted in a nonsuit, which is alleged as error, the only ground of appeal. The only witnesses at the trial were the plaintiff, Thomas Coyne, and a Dr. Daniel Sullivan. The plaintiff, at page 14 of the record, the only witness testifying to the occurrence, said: "*Q.* On this day, August 20th, will you tell the court and jury what happened while you

were in the course of pushing this truck with freight on it from one car to another car? *A.* I was pulling a truck out of one car to another car, and on the way out the truck caught on the apron, giving a sudden jar, and I could feel the truck make kind of a slip as though the apron skipped, causing it to slip, and the whole weight of the truck load came right down on my hands, putting a strain through my whole body and breaking my handhold, and dropping on the gangway, and in the meantime part of the load rolled off and hit me on the back."

Our reading of the testimony sent up with the record leads us to the conclusion, that the ruling of the trial court must be sustained and the judgment affirmed. We recognize the rule to be applied, which is quite elementary; a motion for a nonsuit or to direct a verdict for the defendant, based upon the insufficiency of the evidence to establish a cause of action, admits the truth of the plaintiff's evidence and of every inference of fact, which can be legitimately drawn therefrom, but denies the sufficiency in law. *Jones* v. *Public Service Railway Co.,* 86 *N. J. L.* 646. The testimony is barren of any proof of the charges made in the complaint, viz., that the defendant failed to exercise reasonable care to supply the plaintiff with proper instrumentalities for his work, &c.

We can find nothing in the testimony from which the trial court could say that negligence of the defendant *may* be inferred and consequently, nothing in the testimony from which the jury could say, that negligence *ought* to be inferred.

The judgment of the Hudson County Circuit Court is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, WELLS. JJ. 15.

*For reversal*—None.